[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDMENT TO MEMORANDUM OF DECISION DATED OCTOBER 26, 1999
On November 2, 1999 Attorney Bruce A. Chamberlain, counsel for the plaintiff in caption, filed a Motion for Clarification Post Judgment. The Court heard said motion on November 17, 1999 at which time both counsel for the plaintiff and the defendant appeared. CT Page 15348
After hearing the arguments of counsel, it appears that the sum being held by the escrow agent, Attorney Archambault, was not, and presently is not, the $31,000.00 ± that was testified to during the conduct of the trial and/or as reflected in exhibits presented to the court, but in fact was the sum of $25,949.00, the amount remaining after the disbursement of $3,500.00 to Attorney Williams and $1,000.00 to Attorney Ansell. As indicated, the Court had been of the opinion that the larger sum was the amount available for its consideration in the formulation of the Memorandum of Decision.
On the basis of the foregoing therefore, the Court amends and modifies its Memorandum of Decision dated October 26, 1999 to the following effect:
The sum of $7,500.00 shall be used and allocated for the payment of the joint debts and obligations of the plaintiff and the defendant and the remaining balance amounting to $18,449.00 shall be the sole and separate property of the defendant, again quoting from the Memorandum of Decision, "mindful of her original down payment, the furnishings of the home and the establishment of the IRA accounts from her inheritance."
In addition, at the hearing on the Motion for Clarification, an issue was raised with regard to certain items of personalty of the plaintiff, which in part are agreed and in that respect the Court directs that the plaintiff shall have and be entitled to the shotgun weapon formally belonging to his father, his desk given to him as a gift, his VCR, his bedroom dresser and the children's dresser that was purchased by parents of the parties.
In all other respects, the Memorandum of Decision is affirmed.
Austin, JTR